## CLASSIC FIRE & MARINE INSURANCE CO. and LOBO CLAIMS MANAGEMENT, INC., Plaintiffs,

### v.

## BLACKBEARD'S CASTLE AND GUESTHOUSE, INC., and PETER L. EDICK, Defendants.

Civ. No. 1996-208

District Court of the Virgin Islands

Division of St. Thomas and St. John

September 10, 1998

CLAUDETTE V. FERRON, ESQ., St. Thomas, *for Classic Fire & Insurance Co., Plaintiff*

CAROL ANN RICH, ESQ., St. Thomas, *for Blackbeard's Castle, Defendant*

JACQUELINE DREW, ESQ.,[1] St. Thomas, *for Peter Edick, Defendant*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court on defendant Blackbeard's Castle's ["Blackbeard's"] motion and plaintiff Classic Fire & Marine Insurance Company's ["Classic"] cross-motion for summary judgment whether defendant has coverage under a general liability insurance policy written by plaintiff Classic for a judgment it

---

[1] Attorney Drew did not brief or argue the issues discussed and decided here.

may receive in a suit filed against the hotel by its patron and codefendant Peter Edick.[2]

This Court has general civil jurisdiction equivalent with that of a district court of the United States under Revised Organic Act of 1954 § 22(a), 48 U.S.C. § 1612(a).[3] The Court has specific jurisdiction in this controversy because of diversity of citizenship between litigants contesting an amount in excess of the jurisdictional threshold. 28 U.S.C. § 1332.

## I. RELEVANT FACTS

Defendant Blackbeard's is a popular hotel in St. Thomas. Effective from October 1, 1994, to October 1, 1995, Classic through its predecessor in interest, Classic Syndicate,[4] issued Commercial General Liability Policy No. DOL 204897 ["the policy"] purporting to insure Blackbeard's premises.

On December 18, 1994, defendant Peter Edick ["Edick"] was a guest at Blackbeard's. In his litigation against the hotel, Edick alleges he was robbed at gunpoint by two as yet unknown assailants who had secreted themselves on the grounds of Blackbeard's either in the shrubbery or the structure near Edick's room.

It is alleged that at the onset of the attack Edick was immediately threatened with death and ordered to crawl into his room. Once inside, one of the assailants shoved a gun under his chin and the other placed his hand on Edick's shoulder forcing him to the floor. This second assailant then held him down at knife point and rifled his pockets. After this going over, the two bandits escorted Edick to a nearby automated teller machine and forced him to withdraw $500 which they also took from him.

Fortunately, Edick was not wounded or killed during the attack. However, in his complaint against his co-defendant here, he alleges injury in the nature of psychological trauma.

---

[2] *Edick v. Blackbeard's Castle and Guesthouse, Inc.*, No. 1995-175. Defendant Blackbeard's has also requested leave to file its opposition to Classic's cross-motion for summary judgment out of time. As that motion is unopposed, it will be granted.

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts and U.S. Constitution at 73-177 (1995 & Supp. 1998) (preceding V.I. CODE ANN. tit. 1).

[4] Classic Syndicate merged into Classic Fire and Marine Ins. Co. on Dec. 29, 1995.

Following receipt of Edick's complaint, Blackbeard's tendered same to its insurance agent claiming coverage under the policy. Classic ultimately began to defend the complaint under a reservation of rights and filed this action seeking declaratory judgment that its insurance policy does not cover Edick's claims. Blackbeard's has cross-claimed seeking declaratory judgment that it is indeed entitled to coverage in the event it suffers an adverse judgment in favor of Edick.

## II. DISCUSSION

The Court will first set down the legal standard for assessing summary judgment. It then examines and affirms Classic's assertion coverage is excluded.

### A. Standards for Summary Judgment

Summary judgment applies to actions for declaratory judgment and is appropriate where "the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48. In addition, "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## B. The "Assault and Battery" Exclusion

Classic bases its claim to summary judgment on the ground that the claims in Edick's complaint are excluded by the following policy language:

ASSAULT AND BATTERY/HIRING SUPERVISION EXCLUSION

It is agreed this policy does not cover any claims arising out of Assault and Battery or out of any act or omission in connection with the prevention or suppression of such acts. Whether caused by or at the instigation or direction of the Insured, Insured's Employees, patrons or any other person. Further, claims accusations or charges of negligent hiring, placement, training or supervision arising from the foregoing are not covered.

(Plaintiffs' Memorandum Exhibit 1.) Blackbeard's contends the exclusion does not apply because the Edick complaint states only a claim for assault, not assault and battery.

■ The Court can see no reason to torture the language of the policy as Blackbeard's invites it to do. The exclusion forestalls claims "**arising from** an assault and battery" which is to be determined from all the circumstances of the incident. Although Mr. Edick's complaint only states a claim for assault, the body of the complaint makes clear that he was also subjected to the harmful touching which converts a mere assault to assault and battery. Blackbeard's concedes in its memorandum that a gun was shoved under his chin and that one of his assailants leaned on Edick during the attack. (Blackbeard's Memorandum in Support of Motion for Summary Judgment at 13-14, n.3.) The Court therefore finds that Edick's complaint against Blackbeard's could not have arisen but for the assault and battery he claims to have suffered upon their premises. The conclusion that the exclusion applies is, therefore, ineluctable.[5]

---

[5] Because it has determined coverage is excluded the Court does not reach assertions by Classic that Edick's damages, if any, are not "bodily or personal injury" or an "occurrence," as defined by the policy.

## III. CONCLUSION

The Court having considered the matter, there are no material issues of fact in dispute and plaintiffs are entitled to judgment as a matter of law. An appropriate order shall issue.

ENTERED this 10th day of September, 1998.

## ORDER

For the reasons set forth in the accompanying memorandum it is hereby

ORDERED that defendant Blackbeard's Castle's request for leave to file in opposition out-of-time be and the same is hereby GRANTED. And it is further

ORDERED that defendant Blackbeard's Castle's motion for summary judgment be and the same is hereby DENIED. And it is further

ORDERED that plaintiffs' motion for summary judgment be and the same is hereby GRANTED. And it is further

ORDERED that the file is deemed CLOSED and each side will bear its own costs in this action.

ENTERED this 10th day of September, 1998.